UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY LEE McNEAL,

    Petitioner,

v.                                          Case No. 8:10-cv-1929-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
                                                     /

**O R D E R**

McNeal petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for trafficking in cocaine, for which he is serving four years. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the petition for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." McNeal's petition fails to substantially comply with the requirements of Rule 2(c), Rules Governing Section 2254 Cases, because the petition is premature.

First, according to the online docket for the Second District Court of Appeal, McNeal's conviction was affirmed on direct appeal on August 27, 2010. McNeal's conviction is not final until the time expires for filing a petition for the writ of certiorari, which is ninety days from the date of the appellate court's decision. See Clay v. United States, 537 U.S. 522, 527 (2003) (Pursuant to Supreme Court Rule 13(3), the ninety

days allowed for filing a petition for the writ of certiorari begins on the date the appellate court issued its opinion on the direct appeal, not from the date the appellate court issued the mandate.).  McNeal's one-year federal limitation will not commence until the expiration of the ninety days, and the limitation is tolled for a properly filed state post-conviction proceeding.  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Second, McNeal is entitled to only one federal review of the constitutionality of his conviction and sentence.  McNeal has not yet filed a state Rule 3.850 motion to vacate, in which he would allege a claim of ineffective assistance of counsel.  Because of the one federal review limitation, pursuing the present petition would preclude McNeal from later obtaining federal review of an ineffective assistance of counsel claim.

Third, the only ground asserted in the present petition is based on an alleged denial of McNeal's Fourth Amendment rights.  McNeal cannot pursue a Fourth Amendment claim in a federal habeas corpus proceeding if he had an opportunity for a full and fair review in the state proceedings.  Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice as premature. The clerk shall close this case.

ORDERED in Tampa, Florida, on September 3, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE